# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**ESTATE OF EITAM HENKIN**, et al.,

    *Plaintiffs,*

v.

**ISLAMIC REPUBLIC OF IRAN**, et al.,

    *Defendants.*

Case No. 1:19-cv-1184-RCL

## FINDING OF LIABILITY

For the reasons set forth in the Findings of Fact and Conclusions of Law and the supporting Memorandum Opinion issued this date, the Court hereby **GRANTS IN PART** and **DENIES IN PART** the Plaintiffs' Motion for Default Judgment. Specifically, the Court holds as follows:

(1) As to Count I (wrongful death), Defendants are **LIABLE**, jointly and severally, under 28 U.S.C. § 1605A(c) to the Estate of Eitam Henkin for the harm, mental anguish, physical injuries, and death inflicted during the attack. After consultation with counsel, the Court shall subsequently appoint a Special Master to submit a report and recommendation on the amount of Plaintiffs' compensatory and/or punitive damages arising from this claim. Defendants are **NOT LIABLE** to the Estate of Na'ama Henkin or the four minor children (I.Z.H, M.H.H., N.E.H., and N.Y.H) under 28 U.S.C. § 1605A(c). Defendants are **NOT LIABLE** to the Estate of Eitam Henkin, the Estate of Na'ama Henkin, or to the four minor children to the extent Plaintiffs assert a wrongful-death cause of action under District of Columbia law. Defendants are **LIABLE**, jointly and severally, to the Estate of Eitam Henkin, the Estate of Na'ama Henkin, and the four minor children under Israeli law, for having negligently and/or intentionally and wrongfully killed victim Eitam Henkin. The

1

special master's report and recommendation shall also include a recommendation on the amount of compensatory and/or punitive damages arising out of this claim.

(2) As to Count II (survival damages on behalf of the Estate of Eitam Henkin), to the extent Count II asserts a cause of action under 28 U.S.C. § 1605A(c), Count II merges with Count I, because Count I already allows the Estate of Eitam Henkin to recover survival damages as a measure of recovery. To the extent Count II asserts a cause of action under District of Columbia law, Defendants are **NOT LIABLE**. As to Count II's cause of action under Israeli law, including the Israeli torts of assault and negligence, Defendants are **LIABLE**, jointly and severally, to the Estate of Eitam Henkin. The special master's report and recommendation shall also include a recommendation on the amount of compensatory and/or punitive damages arising out of this claim.

(3) As to Count III (loss of solatium), Count III merges with Counts I and/or II. Loss of solatium is not a distinct cause of action under 28 U.S.C. § 1605A(c) or Israeli law, but a theory of recovery the Plaintiffs may employ when obtaining damages for those claims.

(4) As to Count IV (intentional infliction of emotional distress), to the extent Plaintiffs assert causes of action under District of Columbia law, Defendants are **NOT LIABLE**. As to Plaintiffs' causes of action under Israeli law, Defendants are **LIABLE**, jointly and severally, for the severe mental anguish Defendants intentionally inflicted upon the Plaintiffs through the killing of victim Eitam Henkin. The special master's report and recommendation shall also include a recommendation on the amount of compensatory and/or punitive damages arising out of this claim.

(5) As to Count V (negligent infliction of emotional distress), to the extent Plaintiffs assert causes of action under District of Columbia law, Defendants are **NOT LIABLE**. As to

Plaintiffs' causes of action under Israeli law, Defendants are **LIABLE**, jointly and severally, for the severe mental anguish Defendants negligently inflicted upon the Plaintiffs through the killing of victim Eitam Henkin. The special master's report and recommendation shall also include a recommendation on the amount of compensatory and/or punitive damages arising out of this claim.

(6) As to Count VI (civil conspiracy), Defendants are **NOT LIABLE**.

(7) As to Count VII (aiding and abetting), Count VII merges with Counts I, II, IV, and V, because Defendants shall already be held liable under those Counts for having aided and abetted Hamas's commission of the attack.

(8) As to Count VIII (various liability/respondeat superior against the Iranian defendants), Count VIII merges with Counts I, II, IV, and V, because Defendants shall already be held both primarily and vicariously liable, under both 28 U.S.C. § 1605A(c) and Israeli law, for the harms inflicted by sponsoring, supporting, and/or participating in the attack.

It is **SO ORDERED**.

SIGNED this 12th day of July, 2021.

_____
Royce C. Lamberth
United States District Judge