IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ESTATE OF EITAM HENKIN, *et al.*, )<br>)<br>*Plaintiffs*, )<br>)<br>v. )<br>)<br>THE ISLAMIC REPUBLIC OF IRAN, *et al.*, )<br>)<br>*Defendants*. )<br>) | Civil Action No. 1:19-cv-01184-RCL |

**PLAINTIFF'S MOTION FOR PERMISSION TO SERVE JUDGMENT
THROUGH DIPLOMATIC CHANNELS**

1. Plaintiffs request an order permitting service of the final judgment (ECF 78) on Defendants that are foreign states or political subdivisions of foreign states—the Islamic Republic of Iran ("Iran"), the Islamic Revolutionary Guard Corps ("IRGC"), the Iranian Ministry of Intelligence and Security ("MOIS"), and the Syrian Arab Republic ("Syria")—through the U.S. Department of State pursuant to 28 U.S.C. § 1608(a)(4), without having first to attempt, and inevitably fail, to serve the judgment by mail under section 1608(a)(3).

2. Service of a default judgment "shall be sent to the foreign state or political subdivision in the manner prescribed for service in this section." 28 U.S.C. § 1608(e).

3. Iran and Syria are foreign states. *See* Conclusions of Law at p.66 ¶ 13 & p.68 ¶ 18 (ECF 61). The IRGC and MOIS are political subdivisions of the foreign state Iran. *Id.* at p.70 ¶ 27 & p.71 ¶ 32.

4. Service on a foreign state and its political subdivisions is governed by section 1608(a). Section 1608(a) provides, in hierarchical order, the following four methods of service. The first method is by delivery "in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision." 28 U.S.C. § 1608(a)(1). "[I]f no special

1

arrangement exists," service may be made "in accordance with an applicable international convention on service of judicial documents." *Id.* at § 1608(a)(2). If service is not possible under either of the first two methods, the third method calls for sending a copy "by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned." *Id.* at § 1608(a)(3). Service by mail is "deemed to have been made…as of the date of receipt indicated in the certification, signed and returned postal receipt, or other proof of service applicable to the method of service employed." *Id.* at § 1608(c)(1).

5.  Finally, if service cannot be made within 30 days under section 1608(a)(3), service may be effected by sending the service packet "by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia," for transmittal "through diplomatic channels to the foreign state." 28 U.S.C. § 1608(a)(4). Service by this method is "deemed to have been made…as of the date of transmittal indicated in the certified copy of the diplomatic note." *Id.* at § 1608(c)(1).

6.  As this Court previously found in connection with Plaintiffs' attempts to serve the summons and complaint on Defendants Iran, Syria, IRGC, and MOIS, "Service of process under §§ 1608(a)(l) and (a)(2) were not viable options because [Defendant] and the United States did not have a special arrangement, nor did [Defendant] partake in an applicable international convention." *See* Conclusions of Law at p.69 ¶ 23 (Iran); *id.* at p.74 ¶ 52 (Syria); *id.* at p.70 ¶ 28 (IRGC); *id.* at p.71 ¶ 33 (MOIS) (ECF 61).

7.  The Court also found that Plaintiffs tried but failed to serve process on Iran, Syria, IRGC, and MOIS pursuant to § 1608(a)(3). *Id.* at p.69 ¶ 24 (Iran); *id.* at p.75 ¶ 53 (Syria); *id.* at p.70 ¶ 29 (IRGC); *id.* at p.71 ¶ 33 (MOIS) (ECF 61).

8.      Indeed, this has been the experience of undersigned counsel from MM-Law in other Iran terrorism cases. In *Hartwick v. Iran*, counsel tried but failed to serve process on Iran, IRGC, and MOIS under § 1608(a)(3), as the service packages were refused. *See* 1:18cv-1612, ECF 51 at pp.5-6. In *Holladay v. Iran*, attempts to serve under § 1608(a)(3) failed because the mailing was returned as undeliverable. *See* 1:17cv-915, ECF 81 at p.7.

9.      Moreover, undersigned counsel also understands that Iran's postal service website is inaccessible. Even if Iran accepted service by mail, there would be no way to confirm or obtain evidence of receipt—certainly not within 30 days. *See* https://www.state.gov/joint-statement-on-internet-shutdowns-in-iran/ (accessed June 20, 2024) (discussing the Iranian government's internet shutdowns and other restrictions).

10.     Certain plaintiffs in another Foreign Sovereign Immunities Act terrorism case against Iran, IRGC, and MOIS recently made a similar motion, which this Court granted. *Estate of Fishbeck, et al. v. Iran, et al.*, No. 1:18-cv-2248-CRC (D.D.C.), ECF 248 & 249.

11.     Plaintiffs therefore respectfully request that the Court permit them to serve the default judgment on Defendants Iran, Syria, IRGC, and MOIS under section 1608(a)(4), which is the inevitable means of service Plaintiffs will need to use, without first engaging in the lengthy and futile process of attempting service under section 1608(a)(3).

Dated: June 20, 2024                                Respectfully submitted,

                                                         */s/ Michael A. Petrino*
Michael A. Petrino (D.C. Bar No. 994060)
Jonathan E. Missner (D.C. Bar No. 475648)
**STEIN MITCHELL BEATO & MISSNER LLP**
2000 K Street, N.W.
Suite 600
Washington, D.C. 20006
Tel: (202) 737-7777
Fax: (202) 296-8312
mpetrino@steinmitchell.com

Gavriel Mairone (*pro hac vice*)
Adora Sauer  (*pro hac vice*)
**MM~LAW LLC**
980 North Michigan Avenue, Suite 1400
Chicago, IL 60611
Tel: (312) 253-7444
Fax: (312) 275-8590
ctlaw@mm-law.com

*Counsel for Plaintiffs*