**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ESTATE OF EITAM HENKIN, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>THE ISLAMIC REPUBLIC OF IRAN, *et al.*,<br><br>*Defendants*. | Civil Action No. 1:19-cv-01184-RCL |

**PLAINTIFFS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO**
**28 U.S.C. § 1610(c) REGARDING IRANIAN BANKS**

The Plaintiffs respectfully request that Court issue an Order pursuant to 28 U.S.C. § 1610(c) authorizing them to attach and execute assets in satisfaction of this Court's judgment (ECF 78), against Defendants Bank Markazi Jomhouri Islamic Iran ("Bank Markazi"), Bank Melli Iran ("Bank Melli"), and Bank Saderat Iran ("Bank Saderat," and, all together, "Bank Defendants"), all of which are "agencies or instrumentalities" of a foreign state (Iran) as defined by 28 U.S.C. § 1603(b). These Defendants were served nearly nine months ago on January 15, 2026[1]—by means of alternative service by email, as authorized by the Court's December 9, 2025 Order. *See* ECF 100. Therefore, "a reasonable period of time has elapsed following the entry of judgment" and notice provided pursuant to 28 U.S.C. § 1608(e).

***Legal background***. Section 1610(a) provides, in relevant part, that the property of a foreign state, as defined in § 1603(a), used for a commercial activity in the United States shall not be immune from attachment or from execution if the judgment relates to a claim under 28 U.S.C.

[1] *See* Declaration of Kevin L. Attridge (Attridge Decl.) and Exhibits A-C (copies of service emails to the Defendant Banks) to that Declaration, filed concurrently herewith.

§ 1605A. As the Court has held, Syria, Iran, the IRGC, and MOIS are "foreign states" under § 1603(a), which includes the states themselves and political subdivisions of those states. Conclusions of Law (ECF 61), at p.66 ¶ 13 (Iran); *id.* at p. 68 ¶ 18 (Syria); *id.* at p.70 ¶ 27 (IRGC); *id.* at p.71 ¶ 32 (MOIS). The Court has concluded that each of the Defendant Banks is an "agency or instrumentality" of Iran that provided material support to a sanctioned terrorist organization (Hamas). *See* Conclusions of Law (ECF 61) at pp. 71-74. Furthermore, the final judgment in this matter is issued under the terrorism exception to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A. Mem. Op. 29-33 (ECF 62) (finding jurisdiction for claims); Finding of Liability (ECF 63).

Plaintiffs may not collect on the judgment until the Court has entered an appropriate order under 28 U.S.C. § 1610(c). Section 1610(c) provides:

> No attachment or execution referred to in subsections (a) and (b) of this section shall be permitted until the court has ordered such attachment and execution after having determined that a ***reasonable period of time*** has elapsed following the entry of judgment and the ***giving of any notice*** required under section 1608(e) of this chapter.

Plaintiffs have met both requirements of notice and a reasonable period of time.

***Notice under § 1608(e)***. The Court issued its final judgment in this matter on June 16, 2024, (ECF 78) against the Bank Defendants along with the Foreign State Defendants (Iran and Syria). Plaintiffs have provided notice to the Bank Defendants by serving them with the final judgment via alternative service by email on January 15, 2026, as ordered by Court on December 9, 2025 (ECF 100). Thus, service and notice of the Final Judgment on the Bank Defendants is long since complete.

***Reasonable period of time***. A "reasonable period of time has elapsed following the entry of judgment and the giving of any notice." 28 U.S.C. § 1610(c). The Bank Defendants were served

nearly nine months ago on January 15, 2026. *See* Attridge Decl., Exs. A-C. Nine months is clearly a reasonable period of time under prior decisions of this Court, which have found that periods as short as six weeks are reasonable. *See Ned Chartering & Trading, Inc. v. Republic of Pak.*, 130 F. Supp. 2d 64, 67 (D.D.C. 2001); *see also Saint Gobain Performance Plastics Eur. v. Bolivarian Republic of Venezuela*, No. CV 20-129 (RC), 2021 WL 6644369, at *3 (D.D.C. July 13, 2021) (finding four months to be a reasonable period of time under § 1610(c); *Warmbier v. Democratic People's Republic of North Korea*, No. 18-977, 2019 WL 11276677, at *2 (D.D.C. Apr. 9, 2019) (finding three and one-half months reasonable); *Crystallex Int'l. Corp. v. Bolivarian Republic of Venez.*, No. 16-cv-0661, 2017 WL 6349729, at *1 (D.D.C. July 9, 2017) (finding two months reasonable); *Owens v. Republic of Sudan*, 141 F. Supp. 3d 1, 9 (D.D.C. 2015) (finding three months reasonable); *Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, No. 01-cv-0634, 2002 WL 32107929, at *2 (S.D. Tex. Jan. 25, 2002) (finding seven weeks reasonable).

***Wherefore***, Plaintiffs respectfully request that the Court enter an Order:

(a) finding that "a reasonable period of time has elapsed" for the purposes of § 1610(c) with respect to the Bank Defendants and

(b) granting Plaintiffs leave to engage in the attachment and execution of assets with respect to the Bank Defendants.

Dated: September 11, 2026

Respectfully submitted,

*/s/ Kevin L. Attridge*
Kevin L. Attridge (D.C. Bar No. 1012349)
Jonathan E. Missner (D.C. Bar No. 475648)
**STEIN MITCHELL BEATO & MISSNER LLP**
2000 K Street, N.W.
Suite 600

Washington, D.C. 20006
Tel: (202) 737-7777
Fax: (202) 296-8312
kattridge@steinmitchell.com

Gavriel Mairone (*pro hac vice*)
Adora Sauer (*pro hac vice*)
**MM~LAW LLC**
980 North Michigan Avenue, Suite 1400
Chicago, IL 60611
Tel: (312) 253-7444
Fax: (312) 275-8590
ctlaw@mm-law.com

*Counsel for Plaintiffs*